# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | MAGISTRATE NO. 10-79-M |
| RAPHEAL F. MCNAMARA-HARVEY | : | |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Defendant Raphael F. McNamara-Harvey was found in possession of a Molotov cocktail on the premises of GlaxoSmithKlein (GSK) on December 30, 2009. Evidence obtained from the search of his computer reveals that he may have had the intent to deploy the device at GSK due to his belief that the company should be "black listed." In addition, the defendant is an admitted habitual user of marijuana and alcohol, has nine arrests, seven convictions, an active bench warrant, and at least one additional open case.

The nature of the defendant's crimes coupled with his history of drug use and criminal record all suggest that the he is a danger to the community as well as a risk of flight. Because the defendant is both a risk of flight and a danger to the community, no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

**I.     THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

**A.     Probable Cause And The Evidence In This Case**

1.     There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 922(g)(1); and Title 26, United States Code, Section 5861(d), as charged in the complaint filed on January 13, 2010.

2.     The evidence in this case is strong and shows that on or about Wednesday, December 30, 2009, at approximately 11:00 a.m., security personnel for pharmaceutical and consumer health care corporation GlaxoSmithKline (GSK) encountered an individual who appeared to be a homeless male trespassing and residing at a corporate owned garage located at 401 North 16th Street in Philadelphia, Pennsylvania.  GSK and the garage were closed at the time due to the holiday.  After confronted by GSK security, the male provided GSK security with his Pennsylvania identification card (PA ID).  GSK personnel then notified the Philadelphia Police Department, however the male escaped prior to the arrival of the police.  Although the male did retrieve one of his bags prior to fleeing, he left behind several other bags containing personal possessions including clothes, personal care items, literature, and an HP laptop computer.

During a search of the area where the male was located, which was close proximity to an exterior back-up generator for the garage, police found what was believed to be an improvised incendiary device, comprised of a 12 ounce glass beer bottle with a grey/black material on the top and a shoe-string type wick, along with the odor of gasoline (hereinafter

"Device"). The ATF's City-Wide Arson Task Force responded along with members of the JTTF. The device was seized and sent to the ATF laboratory for analysis. ATF laboratory tests indicate that the Device contained gasoline and had polystyrene in it. The ATF laboratory personnel indicated that the polystyrene/gasoline mixture is commonly known as improvised napalm. The device was determined to be a destructive device as defined in Title 26, United States Code, Section 5845(f). At least one of the component parts to the destructive device, that is the bottle, was manufactured outside of the commonwealth of Pennsylvania, therefore by virtue of its presence here in the Commonwealth of Pennsylvania, it traveled through the channels of interstate commerce.

A review of the GSK video surveillance of the GSK garage shows McNAMARA carrying a 12 ounce beer bottle, consistent with the type the destructive device was made of. McNAMARA is not currently and has not in the past been registered with the National firearms Registration and Transfer Record to possess a destructive device. Moreover, McNAMARA'S criminal history reveals that on January 27, 2006, in the Superior Court of Monmouth County, New Jersey he was found Guilty of one count each of aggravated assault in the 3rd degree, knowingly receiving stolen property, and eluding police while causing a substantial risk of physical injury, all felony convictions with a maximum term of five years. McNAMARA was also found Guilty of one count each of aggravated assault in the 4th degree and resisting arrest, both felony convictions with a maximum term on eighteen months. Also, on or about July 5, 2001, in the Montgomery County Court of Common Pleas, McNAMARA was found Guilty of one count of criminal conspiracy - engaging in criminal trespass to enter a structure, a felony

conviction with a maximum term of two years. Thus he was prohibited from possessing a destructive device under Title 18, United States Code, Section 922(g)(1).

  **B.** **Maximum Penalties**

  **Count One-**

The maximum penalty for a violation of Title 18, United States Code, Section 922(g)(1)(possession of a firearm (destructive device) by a convicted felon) is 10 years imprisonment, 3 years supervised release, a $250,000 fine, and a $100 special assessment

  **Count Two-**

The maximum penalty for a violation of Title 26, United States Code, Section 5861(d) (possession of an unregistered firearm), is 10 years imprisonment, three years supervised release, a $10,000 fine, and $100 special assessment on each count. (See 26 U.S.C. § 5871; 18 U.S.C. §§ 3013(a)(2)(A), 3571 (b)(3), 3583(b)(2)).

  **Total Maximum Penalty-**

Twenty years imprisonment, three years supervised release, a $260,000 fine, and $200 special assessment.

  **C.** **Criminal Record**

The defendant has nine arrests, seven convictions, an active bench warrant, and at least one additional open case.

**II.** **CONCLUSION**

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably. assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

MICHAEL L. LEVY
United States Attorney

_____
SALVATORE L. ASTOLFI
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 10-79-M |
| RAPHEAL F. MCNAMARA-HARVEY | : | |

## PRETRIAL DETENTION ORDER

AND NOW, this      day of March, 2010, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

 (a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

 (b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

 1. There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 2213 (a).

 2. The evidence in this case is strong and shows that on or about Wednesday, December 30, 2009, at approximately 11:00 a.m., security personnel for pharmaceutical and consumer health care corporation GlaxoSmithKline (GSK) encountered an individual who

appeared to be a homeless male trespassing and residing at a corporate owned garage located at 401 North 16th Street in Philadelphia, Pennsylvania. GSK and the garage were closed at the time due to the holiday. After confronted by GSK security, the male provided GSK security with his Pennsylvania identification card (PA ID). GSK personnel then notified the Philadelphia Police Department, however the male escaped prior to the arrival of the police. Although the male did retrieve one of his bags prior to fleeing, he left behind several other bags containing personal possessions including clothes, personal care items, literature, and an HP laptop computer.

During a search of the area where the male was located, which was close proximity to an exterior back-up generator for the garage, police found what was believed to be an improvised incendiary device, comprised of a 12 ounce glass beer bottle with a grey/black material on the top and a shoe-string type wick, along with the odor of gasoline (hereinafter "Device"). The ATF's City-Wide Arson Task Force responded along with members of the JTTF. The device was seized and sent to the ATF laboratory for analysis. ATF laboratory tests indicate that the Device contained gasoline and had polystyrene in it. The ATF laboratory personnel indicated that the polystyrene/gasoline mixture is commonly known as improvised napalm. The device was determined to be a destructive device as defined in Title 26, United States Code, Section 5845(f). At least one of the component parts to the destructive device, that is the bottle, was manufactured outside of the commonwealth of Pennsylvania, therefore by virtue of its presence here in the Commonwealth of Pennsylvania, it traveled through the channels of interstate commerce.

A review of the GSK video surveillance of the GSK garage shows McNAMARA carrying a 12 ounce beer bottle, consistent with the type the destructive device was made of. McNAMARA is not currently and has not in the past been registered with the National firearms Registration and Transfer Record to possess a destructive device. Moreover, McNAMARA'S criminal history reveals that on January 27, 2006, in the Superior Court of Monmouth County, New Jersey he was found Guilty of one count each of aggravated assault in the 3rd degree, knowingly receiving stolen property, and eluding police while causing a substantial risk of physical injury, all felony convictions with a maximum term of five years. McNAMARA was also found Guilty of one count each of aggravated assault in the 4th degree and resisting arrest, both felony convictions with a maximum term on eighteen months. Also, on or about July 5, 2001, in the Montgomery County Court of Common Pleas, McNAMARA was found Guilty of one count of criminal conspiracy - engaging in criminal trespass to enter a structure, a felony conviction with a maximum term of two years. Thus he was prohibited from possessing a destructive device under Title 18, United States Code, Section 922(g)(1).

3. The total maximum penalty defendant faces is twenty years imprisonment, three years supervised release, a $260,000 fine, and $200 special assessment.

4. The defendant has nine arrests, seven convictions, an active bench warrant, and at least one additional open case.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE THOMAS J. RUETER
*Chief, United States Magistrate Judge*

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by the district court clerk's electronic filing system, on the following defense counsel:

Defender Association of Philadelphia
Federal Court Division
The Curtis Center Building
601 Walnut Street
Suite 540 West
Independence Square West
Philadelphia, PA 19106

David M. Kozlow, Esquire

                                              SALVATORE L. ASTOLFI
                                              Assistant United States Attorney

Date: _____